# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

JERAMIAH BROWN,

                            Plaintiff,

      v.                                            5:19-CV-1160 (LEK/ATB)

TIM HORTONS; 7-ELEVEN,

                            Defendants.

JERAMIAH BROWN, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## DECISION and ORDER

The Clerk has sent to the court for review a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff Jeremiah Brown. (Dkt. Nos. 1, 2). Plaintiff has also filed a motion to seal[1] this action and a motion for appointment of counsel. (Dkt. Nos. 3, 4).

## I.   IFP Application

Plaintiff declares in his IFP application that he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

## II.   Complaint

Plaintiff brings this action under the Americans with Disabilities Act ("ADA"),

---

[1] The Clerk filed the case under seal, pending this court's order on plaintiff's motion.

42 U.S.C. § 12101 et seq., alleging that his employer Tim Horton's /7-Eleven[2] discriminated against him based on his disability, refusing to grant him reasonable accommodations, retaliating against him, and constructively terminating him in violation of the ADA. (Complaint ("Compl.") at ¶ 5). The complaint contains a detailed explanation of plaintiff's allegations, and the court refers to the complaint for additional facts regarding his allegations. (Compl. at ¶ 6, CM/ECF pp.3-9). Plaintiff has attached his right-to-sue letter which he received from the Equal Employment Opportunity Commission ("EEOC"), together with the relevant documents that were submitted in support of his EEOC charges. (Dkt. No. 1-1). Plaintiff's submissions are sufficient for this court to order service of the complaint on defendant(s).

### III. Motion to Seal

#### A. Legal Standards

There is a general presumption in favor of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "Judicial documents" are documents that a court "relies on to perform its Article III duties and substantively adjudicate a matter." *Winfield v. City of New York*, No. 15-CV-5236, 2017 WL 2880556, at *3 (S.D.N.Y. July 5, 2017) (citing *U.S. v. Amodeo*, 71 F.3d 1044, 1048-50 (2d Cir. 1995); *Lugosch*, 435 F.3d at 119 (2d Cir. 2006)). The "presumption of access" is secured by the First Amendment and the common law. *Lugosch*, 435 F.3d at 121. The party seeking to seal judicial documents bears the burden of overcoming the presumption of public access. *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818,

---

[2] One of the documents submitted in support of plaintiff's complaint indicates that 7-Eleven operates several upstate New York Tim Horton's restaurants. (Dkt. No. 1-1 at 5).

2

826 (2d Cir. 1997); *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, Nos. 6:12-CV-196, 6:12-CV-743 (BKS/ATB), 2017 WL 1653608, at *2 (N.D.N.Y. Apr. 26, 2017)).

Under the common law presumption of access, "[o]nce the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Lugosch*, 435 F.3d at 119. The court must balance the document's "role in the performance of Article III duties" against "the competing considerations such as the privacy interests of those resisting disclosure." *Bernstein v. Bernstein Litowitz Berger & Grossman* LLP, 814 F.3d 132, 142 (2d Cir. 2016). Under this First Amendment framework, "sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. "Notwithstanding the presumption of access under both the common law and the First Amendment, the documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Id.*

### B. Application

In this case, plaintiff has moved to seal his case because he was the victim of identity theft in the past. (Dkt. No. 3). A complaint is a judicial document, subject to the presumption of access. *Bernstein*, 814 F.3d at 139. Documents related to filed motions are also judicial documents. *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F.

Supp. 2d 409, 412 (S.D.N.Y. 2014).

Plaintiff's speculative concern for identity theft is insufficient to justify sealing this entire action. Plaintiff provides no specifics, and he does not indicate how sealing this action for such a reason would preserve the "higher values" of the First Amendment. Thus, the court must deny plaintiff's motion to seal. While plaintiff's reason is clearly insufficient to justify sealing the action, the court is more concerned with medical information that might be contained in the papers filed in this action. While this will not suffice to order sealing of the entire case, the court may restrict access to parties and public terminal users as is done is cases which could contain sensitive information. Thus, although the court will deny the motion to seal, the court will order restricted access to the file.

## IV. <u>**Appointment of Counsel**</u>

### A. **Legal Standards**

There is no right to appointment of counsel in civil matters. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *Cooper v. A. Sargenti, Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93

(2d Cir. 1997). Instead, a number of factors must be carefully considered by the Court in ruling upon such a motion. As a threshold matter, the Court should ascertain whether the indigent's claims seem likely to be of substance. If so, the Court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

**B.     Application**

Plaintiff has filed a motion for appointment of counsel, indicating that he has contacted an attorney, who has apparently refused to take plaintiff's case. (Dkt. No. 4). This action has only recently been commenced. The only facts upon which this court may base its decision as to whether this lawsuit is of substance are the facts stated in the complaint. Where there are merely unsupported allegations, the court cannot adequately determine whether the complaint has "substance," and therefore, the moving party does not meet the first requirement imposed by the Second Circuit for

5

appointment of pro bono counsel. *See Harmon v. Runyon*, No. 96-Civ.-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997). Thus, appointment of counsel is premature, and the court will deny plaintiff's motion without prejudice to renewal at an appropriate time.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's IFP application (Dkt. No. 2) is **GRANTED**.[3] The Clerk shall issue a summons and forward it, along with a copy of the complaint and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, together with the Initial Discovery Protocols for Employment Discrimination Cases Alleging Adverse Action, to the United States Marshal for service upon the named defendants, and it is further

**ORDERED**, that a formal response to plaintiff's complaint be filed by the defendants or defendants' counsel as provided in the Federal Rules of Civil Procedure, subsequent to service of process on the defendants, and it is further

**ORDERED**, that the Clerk is directed to schedule a Rule 16 conference before me, and it is further

**ORDERED**, that plaintiff's motion to seal (Dkt. No. 3) is **DENIED**, and the Clerk is directed to **unseal** this action, however, the Clerk is further directed to restrict access to this case to parties and public terminal users, and it is

---

[3] The Court notes that although plaintiff's IFP application has been granted, plaintiff will still be required to pay fees that she may incur in the future regarding this action, including but not limited to copying and/or witness fees.

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 4) is **DENIED WITHOUT PREJUDICE** as described above, and it is

**ORDERED**, that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel.  **<u>Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy was served upon all opposing parties or their attorneys may be stricken by the Court.</u>**  Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All motions shall comply with the Local Rules of Practice of the Northern District, and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon plaintiff in accordance with the Local Rules.

Dated: September 24, 2019

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge